UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONES COMPANY HOMES, LLC, et al.,

    Plaintiffs,                                                    Case No. 10-mc-50989
                                                                  Honorable Denise Page Hood

v.

LABORERS INTERNATIONAL UNION
OF NORTH AMERICA, et al.,

    Defendants.
    _____/

### **ORDER REGARDING OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS**

**I.    BACKGROUND**

This matter is before the Court on Objections to Magistrate Judge Virginia M. Morgan's September 27, 2010 Order granting Defendant Laborers' International Union of North America's ("LIUNA's") Motion to Compel the depositions of Richard Dugas ("Dugas") and Steven M. Cook ("Cook") filed by Plaintiffs The Jones Company Homes, LLC and the Jones Company Building ("Jones Companies"), and the parties to be deposed. A response by LIUNA and reply by the Jones Companies, Dugas and Cook have been filed. The Jones Companies, Dugas and Cook also filed Objections to the Magistrate Judge's November 2, 2010 Order Denying the Motion to Stay the Depositions.

LIUNA filed a Motion to Compel the depositions of Dugas and Cook in this District because Dugas and Cook are residents of Michigan. LIUNA asserts that the depositions are relevant to the case filed by The Jones Companies against LIUNA in the Eastern District of Missouri, Case No. 4:09-cv-01965, *The Jones Company Homes, LLC et al. v. LIUNA*. The Missouri lawsuit was brought by the Jones Companies against LIUNA alleging unlawful secondary activity by LIUNA

on October 19, 2009 when LIUNA alleged engaged in a concerted attack against the Jones Companies and their employees, including assault, battery, theft, destruction of property, intimidation. (Missouri Lawsuit, 2nd Am. Comp., ¶¶ 1-2) One of the Jones Company is a Nevada limited liability company with its principal place of business in Bloomfield Hills, Michigan. (*Id.*, ¶ 4) Another Jones Company is a Nevada limited liability company engaged in the construction of new homes in Missouri. (*Id.*, ¶ 5) A third Jones Company is a subsidiary of Centex Homes, which is a wholly-owned indirect subsidiary of Pulte, a Michigan corporation, after Centex merged with Pulte in August 2009. (*Id.*, ¶¶ 6, 17)

The Jones Companies allege that LIUNA has engaged in a campaign aimed at organizing employees of Pulte's contractors. (*Id.*, ¶ 22) On October 19, 2009, Dugas, the Chief Executive Officer of Pulte, conducted a private town hall meeting with Jones employees at a Doubletree Hotel in Missouri to discuss recent developments affecting the companies. (*Id.*, ¶ 25) The Jones Companies claim LIUNA members entered the room, accosted Dugas and disrupted the meeting. (*Id.*, ¶¶ 26-34)

The Jones Companies thereafter filed the lawsuit against LIUNA alleging a violation of 29 U.S.C. § 187, that LIUNA has engaged in a campaign pressuring Pulte to cease doing business with contractors who are not signatories to LIUNA contracts and that LIUNA's primary dispute is with Pulte, not with the Jones Companies who are "neutral employers" under section 303 of the LMRA. (*Id.*, ¶ 62) LIUNA now seeks to depose Dugas and Cook, officers of the Jones Companies and residents of Michigan, in connection with the Missouri lawsuit filed by the Jones Companies against LIUNA. LIUNA claims the depositions are necessary because Dugas and Cook are officers of the various Jones Company and also have knowledge as to the Jones Companies' claim that they are

2

"neutral employers."

## II. ANALYSIS

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Massey v. City of Ferndale,* 7 F.3d 506, 509 (6th Cir. 1993). Any appeal of or objections to a magistrate judge's order must be made within ten days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the right to appeal. See *Howard v. Secretary of HHS,* 923 F.2d 505, 508-09 (6th Cir. 1991). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir. 1992). If two permissible views exist, a magistrate judge's decision cannot be "clearly erroneous." *Hennigan v. General Elec. Co.,* 2010 WL 4179376 *2 (E.D. Mich. Oct. 20, 2010)(unpublished). Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants,* 889 F.Supp. 296, 298 (S.D. Ohio 1995).

The Jones Companies and the two parties sought to be deposed submitted five issues on appeal. The arguments relating to the five issues are based on the Jones Companies and the two parties' position that Dugas and Cook, as "high-ranking" corporate executives need not testify at a

3

deposition because they do not have personal knowledge of the events of October 19, 2009 and should be shielded from the depositions based on the "apex doctrine."

The Magistrate Judge found, that the "apex doctrine" does not shield Dugas and Cook from the depositions sought by LIUNA. Courts will protect individuals at the "apex" of a corporate hierarchy from deposition when such individuals lack personal knowledge regarding the litigation, or when the requested information could be garnered from equally or more knowledgeable subordinates. *See, Bush v. Dictaphone Corp.,* 161 F.3d 363, 367 (6th Cir. 1989); *Lewelling v. Farmer's Ins. of Columbus, Inc.,* 879 F.2d 212, 218 (6th Cir. 1989). The apex doctrine recognizes the unique and important position of chief executive officers and the potential for harassment and abuse inherent on subjecting them to discovery burdens in the absence of a showing that the individual possesses relevant evidence which is not readily obtainable from other sources. *See Devlin v. Chemed Corp.,* 2005 WL 2313859 *2 (E.D. Mich. Sept. 21, 2005)(unpublished). Since "apex" employees frequently are uninvolved in the actions about which a party complains, taking the deposition of a high level employee can be considered harassing and unnecessary, imposing an undue burden on such an employee, who is normally is very busy attending to matters of his or her business. *HCP Laguna Creek CA, LP v. Sunrise Sr. Living Management, Inc.,* 2010 WL 890874 *4 (M.D. Tenn., Mar. 8, 2010)(unpublished). As a result, the standard has developed that such an employee must have "unique personal" knowledge of the facts before his or her deposition is permitted. *Id.*

The Magistrate Judge held that the apex doctrine does not preclude LIUNA from taking Dugas' deposition because Dugas has "unique, first-hand knowledge" of the events of October 19, 2009 since he was present at the meeting and witnessed the alleged protest by LIUNA. (MJ Order,

4

p. 4) The Magistrate Judge further found that as a high-ranking officer in one of the Jones Companies and in Pulte, Dugas has "unique personal knowledge of the companies' relationships to each other, the merger, and can offer vital information on the issue of Plaintiff's neutrality in the labor dispute." (MJ Order, pp. 4-5) "It is undisputable that Dugas is personally familiar with the facts of the case." (MJ Order, p. 5)

The Magistrate Judge's findings are not clearly erroneous. Dugas, as noted by the appeal brief and the Complaint filed with the Missouri District Court, was at the October 19, 2009 meeting to discuss the merger between Pulte and Centex. (Appeal Brief, pp. 4-5) Dugas, as the Magistrate Judge found, has personal knowledge of the events of October 19, 2009, in addition to his knowledge of the various companies' relationships to each other and to the issue of neutrality. The October 19, 2009 meeting, the various companies' relationships to one another and the issue of neutrality are at the heart of the Jones Companies' lawsuit filed in Missouri. LIUNA, as the defendant in that case, must be able to test the Jones Companies' allegation that they are "neutral parties" and should not have been subject to LIUNA's protests. The Magistrate Judge's findings and conclusions are not clearly erroneous.

As to the Cook deposition, the Magistrate Judge found that Cook is privy to information about the relationship between the companies, the merger, and whether the Jones Companies are "neutrals" in the labor dispute between Pulte and LIUNA. The Magistrate Judge found, Cook is in senior management of Pulte and many of its subsidiaries, and is the general counsel and manager of the Jones Companies as well. The Magistrate Judge noted that Cook may be able to offer testimony pertaining to the facts leading up to the labor dispute and the attempts by both sides to resolve the dispute, subject to Cook's obligations under the attorney-client privilege. (MJ Order,

p. 5)

The Magistrate Judge's findings as to Cook's deposition are also not clearly erroneous. Cook may testify as to his decisions and the facts surrounding the October 19, 2009 meeting, along with the issue of neutrality of the Jones Companies in the labor dispute with LIUNA in the Missouri case. Although Cook appears to be general counsel to some of the Jones Companies, he also appears to be a manager of some of the Jones Companies. To the extent that he exercised his decision as a manager, rather than as general counsel to the Jones Companies, Cook is subject to be deposed by LIUNA. The attorney client privilege cannot be determined until questions are posed to Cook. If the question posed to Cook relates to Cook's position as general counsel, the attorney client privilege may then be raised. If the question posed to Cook relates to Cook's position as a manger or some other position, the attorney client privilege would not hinder Cook's response to the question. However, the issue of attorney client privilege cannot be ascertained at this juncture without a question posed to Cook.

The Magistrate Judge was not clearly erroneous in finding that although the Jones Companies appear to distance themselves from Pulte and its senior management, Pulte and the Jones Companies share management, including Dugas and Cook. As the Magistrate Judge noted, the Missouri lawsuit was not brought by LIUNA but was brought by the Jones Companies which opened the door for discovery as to the Jones Companies' management officials, even though some of those officials are also officials of Pulte. The issue of neutrality was alleged by the Jones Companies and LIUNA must be able to test the extent of such a claim by the Jones Companies. Both Dugas and Cook, in their positions with the Jones Companies and Pulte, certainly have unique and personal knowledge as to whether the Jones Companies are "neutral parties" as they allege in the Jones

Companies' Complaint before the Missouri case. The Magistrate Judge's Order was not clearly erroneous and the Court affirms the Order granting LIUNA's Motion to Compel the depositions of Dugas and Cook and the Order denying the stay of the Order.

### III. CONCLUSION

For the reasons set forth above and in the Magistrate Judge's Orders, the depositions of Dugas and Cook may move forward.

Accordingly,

IT IS ORDERED that the Magistrate Judge's Order Granting the Motion to Compel **(No. 10, 9/27/10)** is AFFIRMED and the Objection to Order on Motion to Compel **(No. 14, 10/11/10)** is OVERRULED AND DENIED.

IT IS FURTHER ORDERED that the Order Denying Motion to Stay **(No. 19, 11/2/10)** is AFFIRMED and the Objection to Order on Motion to Stay **(No. 20, 11/4/10)** is OVERRULED AND DENIED.

IT IS FURTHER ORDERED that this matter is CLOSED.

S/DENISE PAGE HOOD  
DENISE PAGE HOOD  
United State District Judge

DATED: December 28, 2010